UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X

RAY MILLAR,

            Plaintiff,      **COMPLAINT**

 -against-

                      **07 CV 8229 (RPP)**

THE CITY OF NEW YORK, SGT. RICHARD GARCIA,
Shield No. 2522, P.O.s "JOHN" and "JANE DOE" #1-10,
Individually and in their Official Capacities, (the names  **JURY TRIAL DEMANDED**
"John" and "Jane Doe" being fictitious, as the true names
are presently unknown), and FEDERATED
DEPARTMENT STORES, INC.,

            Defendants.

------------------------------------------------------------------------X

  Plaintiff RAY MILLAR, by his attorney, ROSE M. WEBER, complaining of the defendants, respectfully alleges as follows:

### PRELIMINARY STATEMENT

  1.  Plaintiff brings this action for compensatory damages, punitive damages and attorney's fees pursuant to 42 U.S.C. § 1983 and 42 U.S.C. § 1988 for violations of his civil rights by defendants THE CITY OF NEW YORK, SGT. RICHARD GARCIA, and P.O.s JOHN and JANE DOE #1-10 ("Municipal Defendants"), as said rights are secured by said statutes and the Constitutions of the State of New York and the United States. Plaintiff also asserts supplemental state law tort claims against defendant FEDERATED DEPARTMENT STORES, INC.

### JURISDICTION

  2.  This action is brought pursuant to 42 U.S.C. § 1983 and 42 U.S.C. § 1988, and the First, Fourth, Fifth, Eighth and Fourteenth Amendments to the United States Constitution.

  3.  Jurisdiction is founded upon 28 U.S.C. §§ 1331, 1343 and 1367.

## VENUE

4. Venue is properly laid in the Southern District of New York under 28 U.S.C. § 1391(b), in that this is the District in which the claim arose.

## JURY DEMAND

5. Plaintiff respectfully demands a trial by jury of all issues in this matter pursuant to Fed. R. Civ. P. 38(b).

## PARTIES

6. Plaintiff RAY MILLAR is an African-American male, a citizen of Grenada, and was at all relevant times a lawful visitor in the United States, in the County, City and State of New York.

7. Defendant FEDERATED DEPARTMENT STORES, INC. was and is a domestic corporation, duly organized and existing under and by virtue of the laws of the State of New York and conducting its usual business in the State of New York.

8. That at all times hereinafter mentioned, MACY's was a wholly-owned subsidiary of defendant FEDERATED DEPARTMENT STORES, INC.

9. That at all times hereinafter mentioned, defendant FEDERATED DEPARTMENT STORES, INC. owned, operated, managed, maintained, and controlled a MACY's department store at the premises designated as Macy's Herald Square, 151 W. 34th Street, in the County, City, and State of New York.

10. That at all times hereinafter mentioned, the security personnel described herein were employees, servants and/or agents of defendant FEDERATED DEPARTMENT STORES, INC. and were acting under the supervision of said defendant and according to their official duties.

11. That at all times hereinafter mentioned, the security personnel described herein were acting within the scope of their employment, and on behalf of their employer, defendant FEDERATED DEPARTMENT STORES, INC.

12. Defendant THE CITY OF NEW YORK was and is a municipal corporation duly organized and existing under and by virtue of the laws of the State of New York.

13. Defendant THE CITY OF NEW YORK maintains the New York City Police Department, a duly authorized public authority and/or police department, authorized to perform all functions of a police department as per the applicable sections of the New York State Criminal Procedure Law, acting under the direction and supervision of the aforementioned municipal corporation, City of New York.

14. That at all times hereinafter mentioned, the individually named defendants, SGT. RICHARD GARCIA and P.O.s "JOHN" and "JANE DOE" #1-10, were duly sworn police officers of said department and were acting under the supervision of said department and according to their official duties.

15. That at all times hereinafter mentioned the Municipal Defendants, either personally or through their employees, were acting under color of state law and/or in compliance with the official rules, regulations, laws, statutes, customs, usages and/or practices of the State or City of New York.

16. Each and all of the acts of the individual defendants alleged herein were done by said defendants while acting within the scope of their employment by defendant THE CITY OF NEW YORK.

17. Each and all of the acts of the individual defendants alleged herein were done by said defendants while acting in furtherance of their employment by defendant THE CITY OF NEW YORK.

## FACTS

18.     On September 23, 2006, at approximately 3:00 p.m., plaintiff RAY MILLAR was lawfully present in the MACY's department store at the premises designated as "Macy's Herald Square", 151 W. 34th Street, in the County, City, and State of New York.

19.     At the aforesaid time and place, plaintiff RAY MILLAR was suddenly accosted by plainclothes police officers and security personnel employed by defendant FEDERATED DEPARTMENT STORES, INC.

20.     Defendants threw plaintiff RAY MILLAR to the ground and pepper-sprayed him.

21.     As a result of this unprovoked assault, plaintiff RAY MILLAR sustained injuries to his knees, elbows, and eyes.

22.     Defendants handcuffed plaintiff RAY MILLAR too tightly and forced him to accompany them to the security office.

23.     As a result of being handcuffed too tightly, plaintiff RAY MILLAR sustained injuries to his wrists.

24.     Defendants confined plaintiff RAY MILLAR against his will for more than an hour before releasing him with an apology.

25.     As a result of the foregoing, plaintiff sustained, *inter alia*, physical injuries, emotional distress, embarrassment, and humiliation, and deprivation of his constitutional rights.

### FIRST CLAIM FOR RELIEF
### DEPRIVATION OF FEDERAL CIVIL RIGHTS UNDER 42 U.S.C. § 1983

26.     Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs "1" through "25" with the same force and effect as if fully set forth herein.

27.     All of the aforementioned acts of defendants, their agents, servants and employees, were carried out under the color of state law.

28.     All of the aforementioned acts deprived plaintiff RAY MILLAR of the rights, privileges and immunities guaranteed to citizens of the United States by the First, Fourth, Fifth, Eighth and Fourteenth Amendments to the Constitution of the United States of America, and in violation of 42 U.S.C. § 1983.

29.     The acts complained of were carried out by the aforementioned individual defendants in their capacities as police officers, with all of the actual and/or apparent authority attendant thereto.

30.     The acts complained of were carried out by the aforementioned individual defendants in their capacities as police officers, pursuant to the customs, usages, practices, procedures, and the rules of the City of New York and the New York City Police Department, all under the supervision of ranking officers of said department.

31.     Defendants, collectively and individually, while acting under color of state law, engaged in conduct that constituted a custom, usage, practice, procedure or rule of the respective municipality/authority, which is forbidden by the Constitution of the United States.

## SECOND CLAIM FOR RELIEF
## FALSE ARREST UNDER 42 U.S.C. § 1983

32.     Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "31" with the same force and effect as if fully set forth herein.

33.     As a result of the aforesaid conduct by defendants, plaintiff RAY MILLAR was subjected to an illegal, improper and false arrest by the defendants and taken into custody and caused to be falsely imprisoned, detained, and confined, without any probable cause, privilege or consent.

34.     As a result of the foregoing, plaintiff RAY MILLAR's liberty was restricted for an extended period of time, he was put in fear for his safety, and he was humiliated and subjected to handcuffing and other physical restraints, without probable cause.

## THIRD CLAIM FOR RELIEF
### EXCESSIVE FORCE UNDER 42 U.S.C. § 1983

35. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "34" with the same force and effect as if fully set forth herein.

36. The level of force employed by defendants was objectively unreasonable and in violation of plaintiff's constitutional rights.

37. As a result of the aforementioned conduct of defendants, plaintiff was subjected to excessive force and sustained physical injuries.

## FOURTH CLAIM FOR RELIEF
### MUNICIPAL LIABILITY

38. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "37" with the same force and effect as if fully set forth herein.

39. Municipal Defendants assaulted and arrested plaintiff RAY MILLAR in the absence of any evidence of criminal wrongdoing, notwithstanding their knowledge that said assault and arrest would jeopardize plaintiff's liberty, well-being, safety and constitutional rights.

40. The acts complained of were carried out by the aforementioned individual defendants in their capacities as police officers and officials, with all the actual and/or apparent authority attendant thereto.

41. The acts complained of were carried out by the aforementioned individual defendants in their capacities as police officers and officials pursuant to the customs, policies, usages, practices, procedures, and rules of the City of New York and the New York City Police Department, all under the supervision of ranking officers of said department.

42. The aforementioned customs, policies, usages, practices, procedures and rules of the City of New York and the New York City Police Department include, but are not limited to,

arresting minority individuals based upon unsubstantiated allegations by retail establishments, without in any way investigating, assessing, evaluating or verifying such allegations; and using excessive force on minority males while taking them into custody.

43.     The existence of the aforesaid unconstitutional customs and policies may be inferred from repeated occurrences of similar wrongful conduct, as documented in the following civil rights actions filed against the City of New York:

- **Kwambe Elton Price v. City of New York,** United States District Court, Southern District of New York, 05 Civ. 5081;

- **Shirley Adrakor v. City of New York,** United States District Court, Southern District of New York, 03 Civ. 9423;

- **Tyryn Bey v. City of New York,** United States District Court, Eastern District of New York, 04 Civ. 1773;

- **Terri Johnson v. City of New York,** United States District Court, Southern District of New York, 06 Civ. 0630;

- **Bradley Funnye v. Paragon Sporting Goods Co.**, United States District Court, Southern District of New York, 98 Civ. 7731;

- **Gaybourne Busano v. City of New York,** United States District Court, Eastern District of New York, 03 CV 1486;

- **Corey Avent v. City of New York,** United States District Court, Eastern District of New York, 04 CV 2451;

- **Clifford Parker-Davidson v. City of New York,** United States District Court, Eastern District of New York, 04 CV 3242;

- **Anwaar Muhammad v. City of New York,** United States District Court, Eastern District of New York, 04 CV 1044.

44.     The foregoing customs, policies, usages, practices, procedures and rules of the City of New York and the New York City Police Department constituted a deliberate indifference to the safety, well-being and constitutional rights of plaintiff RAY MILLAR.

45.     The foregoing customs, policies, usages, practices, procedures and rules of the City of New York and the New York City Police Department were the direct and proximate cause of the constitutional violations suffered by plaintiff RAY MILLAR as alleged herein.

46.     The foregoing customs, policies, usages, practices, procedures and rules of the City of New York and the New York City Police Department were the moving force behind the constitutional violations suffered by plaintiff RAY MILLAR as alleged herein.

47.     As a result of the foregoing customs, policies, usages, practices, procedures and rules of the City of New York and the New York City Police Department, plaintiff RAY MILLAR was unlawfully assaulted and arrested.

48.     Municipal Defendants, collectively and individually, while acting under color of state law, were directly and actively involved in violating the constitutional rights of plaintiff RAY MILLAR.

49.     Municipal Defendants, collectively and individually, while acting under color of state law, acquiesced in a pattern of unconstitutional conduct by subordinate police officers, and were directly responsible for the violation of plaintiff RAY MILLAR's constitutional rights.

### FIFTH CLAIM FOR RELIEF
### CONSPIRACY UNDER 42 U.S.C. § 1983

50.     Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "49" with the same force and effect as if fully set forth herein.

51.     Defendants, collectively and individually, entered into an agreement to act in concert to deprive plaintiff RAY MILLAR of his constitutional rights.

52.     In participating in the assault on and false arrest of plaintiff RAY MILLAR, defendants committed overt acts in furtherance of the conspiracy.

53. As a result of the foregoing, plaintiff RAY MILLAR sustained, *inter alia*, physical injury, emotional distress, embarrassment, and humiliation, damage to reputation, and deprivation of his constitutional rights.

## SIXTH CLAIM FOR RELIEF
## CONSPIRACY UNDER 42 U.S.C. § 1985

54. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "53" with the same force and effect as if fully set forth herein.

55. Defendants, collectively and individually, entered into an agreement to act in concert to deprive plaintiff RAY MILLAR of his constitutional right to equal protection under the law.

56. In participating in the assault on and false arrest of plaintiff RAY MILLAR, defendants committed overt acts in furtherance of the conspiracy.

57. Defendants' actions were motivated by racial animus.

58. As a result of the foregoing, plaintiff RAY MILLAR sustained, *inter alia*, physical injury, emotional distress, embarrassment, and humiliation, damage to reputation, and deprivation of his constitutional rights.

## SEVENTH CAUSE OF ACTION
## 42 U.S.C. § 1981

59. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs "1" through "58" with the same force and effect as if fully set forth herein.

60. All of the aforementioned acts of defendants, their agents, servants and employees, violated 42 U.S.C. § 1981 by depriving plaintiff RAY MILLAR of his constitutional and statutory rights with racial animus.

61. Defendants' conduct was knowingly undertaken with the intent to deny plaintiff RAY MILLAR his right to full and equal benefit of the laws as is enjoyed by white citizens.

62. As a result of defendants' unlawful actions, plaintiff RAY MILLAR has suffered and continues to suffer physical injury, mental anguish, emotional distress and other compensable injuries.

63. All of the foregoing acts by defendants deprived plaintiff RAY MILLAR of federally protected rights, including, but not limited to, the right:

    A. Not to be deprived of liberty without due process of law;

    B. To be free from seizure and arrest not based upon probable cause;

    C. Not to have excessive force imposed upon him;

    D. Not to have cruel and unusual punishment imposed upon her; and

    E. To receive equal protection under the law.

64. As a result of the foregoing, plaintiff RAY MILLAR is entitled to compensatory damages against the Municipal Defendants in the sum of one million dollars ($1,000,000.00) and is further entitled to punitive damages against the individual defendants in the sum of one million dollars ($1,000,000.00).

## PENDANT STATE CLAIMS AGAINST FEDERATED DEPARTMENT STORES, INC.

### FIRST CLAIM FOR RELIEF UNDER N.Y. STATE LAW FALSE ARREST

65. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "64" with the same force and effect as if fully set forth herein.

66. Defendant FEDERATED DEPARTMENT STORES, INC., through its employees, servants and/or agents, arrested and/or caused the arrest of plaintiff RAY MILLAR.

67. Defendant FEDERATED DEPARTMENT STORES, INC., through its employees, servants and/or agents, provided false and misleading information to the New York City Police

Department in order to secure the arrest of plaintiff RAY MILLAR.

68. As a result of the aforesaid conduct by defendant FEDERATED DEPARTMENT STORES, INC., plaintiff RAY MILLAR was subjected to an illegal, improper and false arrest and was taken into custody and caused to be falsely imprisoned, detained, and confined.

69. The aforesaid actions by defendant FEDERATED DEPARTMENT STORES, INC. led to a deprivation of plaintiff RAY MILLAR's rights as secured under New York State law.

70. As a result of the aforementioned conduct, plaintiff RAY MILLAR has suffered physical and mental injury, together with embarrassment, humiliation, shock, fright and loss of freedom.

### SECOND CLAIM FOR RELIEF UNDER N.Y. STATE LAW
### FALSE IMPRISONMENT

71. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "70" with the same force and effect as if fully set forth herein.

72. As a result of the foregoing, plaintiff RAY MILLAR was falsely imprisoned by defendant FEDERATED DEPARTMENT STORES, INC., his liberty was restricted, he was put in fear for his safety, and he was humiliated.

73. Plaintiff RAY MILLAR was conscious of said confinement and did not consent to same.

74. The confinement of plaintiff RAY MILLAR was without probable cause and was not otherwise privileged

75. As a result of the aforementioned conduct, plaintiff RAY MILLAR has suffered physical and mental injury, together with embarrassment, humiliation, shock, fright and loss of freedom.

### THIRD CLAIM FOR RELIEF UNDER N.Y. STATE LAW
### ASSAULT

76. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "75" with the same force and effect as if fully set forth herein.

77. The aforementioned actions of defendant FEDERATED DEPARTMENT STORES, INC.'s employees, servants and/or agents placed plaintiff RAY MILLAR in apprehension of imminent harmful and offensive bodily contact.

78. As a result of the conduct of defendant FEDERATED DEPARTMENT STORES, INC.'s employees, servants and/or agents, plaintiff RAY MILLAR has suffered physical pain and mental anguish, together with shock, fright, apprehension, embarrassment, and humiliation.

### FOURTH CLAIM FOR RELIEF UNDER N.Y. STATE LAW
### BATTERY

79. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "78" with the same force and effect as if fully set forth herein.

80. Defendant FEDERATED DEPARTMENT STORES, INC.'s employees, servants and/or agents touched plaintiff RAY MILLAR in a harmful and offensive manner.

81. Defendant FEDERATED DEPARTMENT STORES, INC.'s employees, servants and/or agents did so without privilege or consent from plaintiff RAY MILLAR.

82. As a result of the conduct of defendant FEDERATED DEPARTMENT STORES, INC.'s employees, servants and/or agents, plaintiff RAY MILLAR has suffered physical pain and mental anguish, together with shock, fright, apprehension, embarrassment and humiliation.

### FIFTH CLAIM FOR RELIEF UNDER N.Y. STATE LAW
### INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

83. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "82" with the same force and effect as if fully set forth herein.

84. The aforementioned conduct was extreme and outrageous, and exceeded all reasonable bounds of decency.

85. The aforementioned conduct was committed by employees, servants and/or agents of defendant FEDERATED DEPARTMENT STORES, INC., while acting within the scope of their employment.

86. The aforementioned conduct was committed by employees, servants and/or agents of defendant FEDERATED DEPARTMENT STORES, INC., while acting in furtherance of their employment.

87. The aforementioned conduct was intentional and done for the sole purpose of causing severe emotional distress to plaintiff RAY MILLAR.

88. As a result of the aforementioned conduct, plaintiff RAY MILLAR suffered severe emotional distress, physical and mental injury, together with embarrassment, humiliation, shock, fright and loss of freedom.

### SIXTH CLAIM FOR RELIEF UNDER N.Y. STATE LAW
### NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS

89. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "88" with the same force and effect as if fully set forth herein.

90. The aforementioned conduct was extreme and outrageous, and exceeded all reasonable bounds of decency.

91. The aforementioned conduct was negligent and caused severe emotional distress to plaintiff RAY MILLAR.

92. The aforementioned conduct was committed by employees, servants and/or agents of defendant FEDERATED DEPARTMENT STORES, INC., while acting within the scope of their employment.

93.   The aforementioned conduct was committed by employees, servants and/or agents of defendant FEDERATED DEPARTMENT STORES, INC., while acting in furtherance of their employment.

94.   As a result of the aforementioned conduct, plaintiff RAY MILLAR suffered severe emotional distress, physical and mental injury, together with embarrassment, humiliation, shock, fright and loss of freedom.

### SEVENTH CLAIM FOR RELIEF UNDER N.Y. STATE LAW
### PRIMA FACIE TORT

95.   Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "94" with the same force and effect as if fully set forth herein.

96.   Defendant FEDERATED DEPARTMENT STORES, INC., by the aforesaid conduct, inflicted harm upon plaintiff RAY MILLAR.

97.   The aforesaid conduct of defendant FEDERATED DEPARTMENT STORES, INC. was intentional.

98.   The aforesaid conduct of defendant FEDERATED DEPARTMENT STORES, INC. was without any excuse or justification

99.   As a result of the conduct of defendant FEDERATED DEPARTMENT STORES, INC., plaintiff RAY MILLAR sustained, *inter alia*, severe emotional distress, embarrassment, and humiliation, deprivation of his constitutional rights, and special damages.

### EIGHTH CLAIM FOR RELIEF UNDER N.Y. STATE LAW
### NEGLIGENT HIRING AND RETENTION

100.   Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "99" with the same force and effect as if fully set forth herein.

101.   Upon information and belief, defendant FEDERATED DEPARTMENT STORES,

INC. failed to use reasonable care in the hiring and retention of the employees who assaulted plaintiff RAY MILLAR and caused him to be arrested.

102. Defendant FEDERATED DEPARTMENT STORES, INC. knew, or should have known in the exercise of reasonable care, the propensities of said employees to engage in the wrongful conduct heretofore alleged in this Complaint.

103. As a result of the conduct of defendant FEDERATED DEPARTMENT STORES, INC., plaintiff RAY MILLAR sustained, *inter alia*, physical injury, emotional distress, embarrassment, and humiliation, deprivation of his constitutional rights, and special damages.

### NINTH CLAIM FOR RELIEF UNDER N.Y. STATE LAW
### NEGLIGENT TRAINING AND SUPERVISION

104. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "103" with the same force and effect as if fully set forth herein.

105. Upon information and belief, defendant FEDERATED DEPARTMENT STORES, INC. failed to use reasonable care in the training and supervision of the aforesaid employees assaulted plaintiff RAY MILLAR and caused him to be arrested.

106. As a result of the conduct of defendant FEDERATED DEPARTMENT STORES, INC., plaintiff RAY MILLAR sustained, *inter alia*, physical injury, emotional distress, embarrassment, and humiliation, deprivation of his constitutional rights, and special damages.

107. As a result of the foregoing, plaintiff RAY MILLAR is entitled to compensatory damages against defendant FEDERATED DEPARTMENT STORES, INC. in the sum of three million dollars ($3,000,000.00) and is further entitled to punitive damages in the sum of three million dollars ($3,000,000.00).

**WHEREFORE**, plaintiff demands judgment against the Municipal Defendants in the sum of one million dollars ($1,000,000.00) in compensatory damages and one million dollars

($1,000,000.00) in punitive damages, and against defendant FEDERATED DEPARTMENT STORES, INC. in the sum of three million dollars ($3,000,000.00) in compensatory damages and three million dollars ($3,000,000.00) in punitive damages, plus reasonable attorney's fees, costs, and disbursements of this action.

Dated:    New York, New York
          September 20, 2007

                                              _____/S_____
                                              ROSE M. WEBER (RW 0515)
                                              225 Broadway, Suite 1608
                                              New York, NY 10007
                                              (212) 748-3355