

OCT 15 2007

CHAMBERS OF
JUDGE ROBERT P. PATTERSON

THE CITY OF NEW YORK

## LAW DEPARTMENT

**MICHAEL A. CARDOZO**
*Corporation Counsel*

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 10/15/07

100 CHURCH STREET
NEW YORK, N.Y. 10007

**MEGHAN A. CAVALIERI**
*Assistant Corporation Counsel*
Tel (212) 788-6405
Fax (212) 788-9776

October 12, 2007

## MEMO ENDORSED

BY HAND
Honorable Robert P. Patterson
United States District Judge
Southern District of New York
500 Pearl Street
New York, New York 10007

Re: <u>Ray Millar v. City of New York, et al.</u>, 07 CV 08229 (RPP)

Dear Judge Patterson:

I am an Assistant Corporation Counsel in the Special Federal Litigation Division of the New York City Law Department and attorney for defendant The City of New York ("City"). I am writing with the consent of plaintiff's counsel, Rose Weber, Esq., to respectfully request a sixty (60) day enlargement of time from October 15, 2007, until December 14, 2007, within which this office may answer or otherwise respond to the complaint. This is the first request made by this office for an enlargement of time in this action.

The complaint alleges, inter alia, that plaintiff Ray Millar was falsely arrested/imprisoned and subjected to excessive force. In addition to the City of New York, plaintiff also purports to name New York City Police Sergeant Richard Garcia as a defendant. Before this office can adequately respond to the complaint, we will need to conduct an investigation into the facts of the case. The enlargement of time will afford us the opportunity to investigate the matter.

Moreover, the enlargement will allow us to ascertain whether the individually named defendants have been served. On information and belief, Sergeant Richard Garcia was recently served with the summons and complaint. If service has been effectuated then, pursuant to Section 50-k of the New York General Municipal Law, this office must determine, based on a review of the case, whether we may represent the individually named defendant. The named defendant must then decide whether he/she wishes to be represented by this office. If so, we must obtain his/her written authorization. Only after this procedure has been followed can we determine how to proceed in this case. See Mercurio v. The City of New York et al., 758 F.2d 862, 864-65 (2d Cir. 1985) (quoting Williams v. The City of New York et al., 64 N.Y.2d 800,

486 N.Y.S. 2d 918 (1985) (decision whether to represent individual defendants is made by the Corporation Counsel as set forth in state law)).

In view of the foregoing, it is respectfully requested that the Court grant the within request extending the City's time to answer or otherwise respond to the complaint until December 14, 2007.

Thank you for your consideration in this regard.

Respectfully submitted,

*Meghan Cavalieri*

Meghan A. Cavalieri (MC 6758)
Assistant Corporation Counsel
Special Federal Litigation Division

cc:    VIA FACSIMILE
       Rose M. Weber, Esq.
       Rose M. Weber Law Office
       25 Broadway, Suite 1608
       New York, NY 10007
       Fax: 212-791-4149

So ordered,

*Robert P. Patterson*

10/15/07

- 2 -