UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------------------------- x

RAY MILLAR,

Plaintiff,

-against-

THE CITY OF NEW YORK, SGT. RICHARD GARCIA, Shield No. 2522, P.O.s "JOHN" and "JANE DOE" #1-10, Individually and in their official capacities, (the names "John" and "Jane Doe" being fictitious, as the true names are presently unknown), and FEDERATED DEPARTMENT STORES INC.,

Defendants.

---------------------------------------------------------------------- x

**ANSWER TO COMPLAINT ON BEHALF OF CITY OF NEW YORK AND SGT. RICHARD GARCIA**

07 CV 8229 (RPP)(FM)

Jury Trial Demanded

Defendants, City of New York and Sergeant Richard Garcia, by their attorney, Michael A. Cardozo, Corporation Counsel of the City of New York, for their answer to the complaint, respectfully allege, upon information and belief, as follows:

1. Deny the allegations set forth in paragraph "1" of the complaint, except admit that plaintiff purports to bring this action as stated therein and purports to seek the relief as stated therein.

2. Deny the allegations set forth in paragraph "2" of the complaint, except admit that plaintiff purports to bring this action as stated therein

3. Deny the allegations set forth in paragraph "3" of the complaint, except admit that plaintiff purports to invoke the Court's jurisdiction as stated therein.

4. Deny the allegations set forth in paragraph "4" of the complaint, except admit that plaintiff purports to base venue as stated therein.

5. Paragraph "5" of the complaint sets forth a jury demand to which no response is required.

6. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "6" of the complaint.

7. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "7" of the complaint.

8. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "8" of the complaint.

9. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "9" of the complaint.

10. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "10" of the complaint.

11. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "11" of the complaint.

12. Admit that the City of New York is a municipal corporation.

13. Deny the allegations set forth in paragraph "13" of the complaint, except admit that the City of New York is a municipal corporation organized and existing under the laws of the state of New York and that the City of New York maintains a police department.

14. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "14" of the complaint

regarding unidentified officers "John" and "Jane Doe", except admit that Sergeant Richard Garcia was, at the time of the occurrence, and is currently employed by the New York City Police Department.

15. That the allegations set forth in paragraph "15" of the complaint constitute conclusions of law rather than averments of fact, and accordingly, no response is required.

16. That the allegations set forth in paragraph "16" of the complaint constitute conclusions of law rather than averments of fact, and accordingly, no response is required.

17. Deny the allegations set forth in paragraph "17" of the complaint.

18. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "18", except admit that plaintiff was in a "Macy's" store located at 151 W. 34th Street, New York, NY, on September 23, 2006.

19. Deny the allegations set forth in paragraph "19" of the complaint.

20. Deny the allegations set forth in paragraph "20" of the complaint, except admit that pepper spray was administered to the plaintiff by an individual during the occurrence.

21. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "21" of the complaint.

22. Deny the allegations set forth in paragraph "22" of the complaint, except admit that the plaintiff was taken to a security office.

23. Deny the allegations set forth in paragraph "23" of the complaint.

24. Deny the allegations set forth in paragraph "24" of the complaint.

25. Deny the allegations set forth in paragraph "25" of the complaint.

26. In response to the allegations set forth in paragraph "26" of the complaint, defendants repeat and reallege the responses set forth in the preceding paragraphs as if fully set forth herein.

27. Deny the allegations set forth in paragraph "27" of the complaint.

28. Deny the allegations set forth in paragraph "28" of the complaint.

29. Deny the allegations set forth in paragraph "29" of the complaint.

30. Deny the allegations set forth in paragraph "30" of the complaint.

31. Deny the allegations set forth in paragraph "31" of the complaint.

32. In response to the allegations set forth in paragraph "32" of the complaint, defendants repeat and reallege the responses set forth in the preceding paragraphs as if fully set forth herein.

33. Deny the allegations set forth in paragraph "33" of the complaint.

34. Deny the allegations set forth in paragraph "34" of the complaint.

35. In response to the allegations set forth in paragraph "35" of the complaint, defendants repeat and reallege the responses set forth in the preceding paragraphs as if fully set forth herein.

36. Deny the allegations set forth in paragraph "36" of the complaint.

37. Deny the allegations set forth in paragraph "37" of the complaint.

38. In response to the allegations set forth in paragraph "38" of the complaint, defendants repeat and reallege the responses set forth in the preceding paragraphs as if fully set forth herein.

39. Deny the allegations set forth in paragraph "39" of the complaint.

40. Deny the allegations set forth in paragraph "40" of the complaint.

41. Deny the allegations set forth in paragraph "41" of the complaint.

42. Deny the allegations set forth in paragraph "42" of the complaint.

43. Deny the allegations set forth in paragraph "43" of the complaint.

44. Deny the allegations set forth in paragraph "44" of the complaint.

45. Deny the allegations set forth in paragraph "45" of the complaint.

46. Deny the allegations set forth in paragraph "46" of the complaint.

47. Deny the allegations set forth in paragraph "47" of the complaint.

48. Deny the allegations set forth in paragraph "48" of the complaint.

49. Deny the allegations set forth in paragraph "49" of the complaint.

50. In response to the allegations set forth in paragraph "50" of the complaint, defendants repeat and reallege the responses set forth in the preceding paragraphs as if fully set forth herein.

51. Deny the allegations set forth in paragraph "51" of the complaint.

52. Deny the allegations set forth in paragraph "52" of the complaint.

53. Deny the allegations set forth in paragraph "53" of the complaint.

54. In response to the allegations set forth in paragraph "54" of the complaint, defendants repeat and reallege the responses set forth in the preceding paragraphs as if fully set forth herein.

55. Deny the allegations set forth in paragraph "55" of the complaint.

56. Deny the allegations set forth in paragraph "56" of the complaint.

57. Deny the allegations set forth in paragraph "57" of the complaint.

58. Deny the allegations set forth in paragraph "58" of the complaint.

59. In response to the allegations set forth in paragraph "59" of the complaint, defendants repeat and reallege the responses set forth in the preceding paragraphs as if fully set forth herein.

60. Deny the allegations set forth in paragraph "60" of the complaint.

61. Deny the allegations set forth in paragraph "61" of the complaint.

62. Deny the allegations set forth in paragraph "62" of the complaint.

63. Deny the allegations set forth in paragraphs "63 A-E" of the complaint.

64. Deny the allegations set forth in paragraph "64" of the complaint.

65. In response to the allegations set forth in paragraph "65" of the complaint, defendants repeat and reallege the responses set forth in the preceding paragraphs as if fully set forth herein.

66. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "66" of the complaint.

67. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "67" of the complaint.

68. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "68" of the complaint.

69. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "69" of the complaint.

70. Deny the allegations set forth in paragraph "70" of the complaint.

71. In response to the allegations set forth in paragraph "71" of the complaint, defendants repeat and reallege the responses set forth in the preceding paragraphs as if fully set forth herein.

72. Deny the allegations set forth in paragraph "72" of the complaint.

73. Deny the allegations set forth in paragraph "73" of the complaint.

74. Deny the allegations set forth in paragraph "74" of the complaint.

75. Deny the allegations set forth in paragraph "75" of the complaint.

76. In response to the allegations set forth in paragraph "76" of the complaint, defendants repeat and reallege the responses set forth in the preceding paragraphs as if fully set forth herein.

77. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "77" of the complaint.

78. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "78" of the complaint.

79. In response to the allegations set forth in paragraph "79" of the complaint, defendants repeat and reallege the responses set forth in the preceding paragraphs as if fully set forth herein.

80. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "80" of the complaint.

81. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "81" of the complaint.

82. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "82" of the complaint.

83. In response to the allegations set forth in paragraph "83" of the complaint, defendants repeat and reallege the responses set forth in the preceding paragraphs as if fully set forth herein.

84. Deny the allegations set forth in paragraph "84" of the complaint.

85. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "85" of the complaint.

86. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "86" of the complaint.

87. Deny the allegations set forth in paragraph "87" of the complaint.

88. Deny the allegations set forth in paragraph "88" of the complaint.

89. In response to the allegations set forth in paragraph "89" of the complaint, defendants repeat and reallege the responses set forth in the preceding paragraphs as if fully set forth herein.

90. Deny the allegations set forth in paragraph "90" of the complaint.

91. Deny the allegations set forth in paragraph "91" of the complaint.

92. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "92" of the complaint.

93. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "93" of the complaint.

94. Deny the allegations set forth in paragraph "94" of the complaint.

95. In response to the allegations set forth in paragraph "95" of the complaint, defendants repeat and reallege the responses set forth in the preceding paragraphs as if fully set forth herein.

96. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "96" of the complaint.

97. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "97" of the complaint.

98. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "98" of the complaint.

99. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "99" of the complaint.

100. In response to the allegations set forth in paragraph "100" of the complaint, defendants repeat and reallege the responses set forth in the preceding paragraphs as if fully set forth herein.

101. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "101" of the complaint.

102. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "102" of the complaint.

103. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "103" of the complaint.

104. In response to the allegations set forth in paragraph "104" of the complaint, defendants repeat and reallege the responses set forth in the preceding paragraphs as if fully set forth herein.

105. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "105" of the complaint.

106. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "106" of the complaint.

107. Deny the allegations set forth in paragraph "107" of the complaint.

**AS AND FOR A FIRST AFFIRMATIVE DEFENSE:**

108. The complaint fails to state a claim upon which relief can be granted.

**AS AND FOR A SECOND AFFIRMATIVE DEFENSE:**

109. Defendants City of New York and Sgt. Richard Garcia have not violated any rights, privileges or immunities under the Constitution or laws of the United States or the State of New York or any political subdivision thereof, nor have defendants violated any Act of Congress providing for the protection of civil rights.

**AS AND FOR A THIRD AFFIRMATIVE DEFENSE:**

110. To the extent that the Complaint alleges any claims arising under the laws of the State of New York, plaintiff has failed to comply with New York General Municipal Law § 50-e and accordingly, such claims are barred.

**AS AND FOR A FOURTH AFFIRMATIVE DEFENSE:**

111. Any injury alleged to have been sustained resulted from plaintiff's own culpable or negligent conduct and/or the conduct of intervening third parties and was not the proximate result of any act of defendants City of New York or Sergeant Richard Garcia.

**AS AND FOR A FIFTH AFFIRMATIVE DEFENSE:**

112. At all times relevant to the acts alleged in the complaint, City Defendants, and their agents and officials acted reasonably in the proper and lawful exercise of their discretion. Therefore, defendant City of New York is entitled to governmental immunity from liability.

**AS AND FOR AN SIXTH AFFIRMATIVE DEFENSE:**

113. Punitive damages cannot be recovered against the City of New York.

**AS AND FOR AN SEVENTH AFFIRMATIVE DEFENSE:**

114. Plaintiff's claims may be barred in whole or in part by the applicable limitations period.

**AS AND FOR AN EIGHTH AFFIRMATIVE DEFENSE:**

117. Plaintiff's claims may be barred in whole or in part by the doctrines of *res judicata* and/or collateral estoppel and/or the Rooker-Feldman doctrine.

**AS AND FOR AN NINTH AFFIRMATIVE DEFENSE:**

118. To the extent applicable there was reasonable suspicion to stop and detain plaintiff.

**AS AND FOR AN TENTH AFFIRMATIVE DEFENSE:**

119. Sergeant Richard Garcia has not violated any clearly established constitutional or statutory right of which a reasonable person would have known and therefore is protected by qualified immunity.

**WHEREFORE,** Defendants City of New York and Sergeant Richard Garcia request judgment dismissing the complaint in its entirety, together with the costs and disbursements of this action, and such other and further relief as the Court may deem just and proper.

Dated: New York, New York
December 13, 2007

MICHAEL A. CARDOZO
Corporation Counsel
of the City of New York
Attorney for Defendants City of New York
and Sergeant Richard Garcia
100 Church Street, Room 6-307
New York, New York 10007
(212) 788-6405

By: Meghan Cavalieri
Meghan A. Cavalieri (MC 6758)
Assistant Corporation Counsel
Special Federal Litigation Division

TO: Via ECF
Rose M. Weber, Esq.
Rose M. Weber Law Office
Attorney for Plaintiff
25 Broadway, Suite 1608
New York, NY 10007
Fax: 212-791-4149

Thomas A. Catalano, Esq.
Lester Schwab Katz & Dwyer
Attorneys for Defendant
Federated Dept. Stores, Inc.
120 Broadway
New York, New York 10271
Direct: (212) 341-4298
Main: (212) 964-6611
Fax: (212) 267-5916

07 CV 8229 (RPP)(FM)

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

RAY MILLAR,

Plaintiff,

-against-

CITY OF NEW YORK, SGT. RICHARD GARCIA, Shield No. 2522, P.O.s "JOHN" and "JANE DOE" #1-10, Individually and in their official capacities, (the names "John" and "Jane Doe" being fictitious, as the true names are presently unknown), and FEDERATED DEPARTMENT STORES, INC.,

Defendants.

**ANSWER TO COMPLAINT ON BEHALF OF CITY OF NEW YORK and SERGEANT RICHARD GARCIA**

***MICHAEL A. CARDOZO***
*Corporation Counsel of the City of New York*
*Attorney for Defendants City of New York and The Sergeant Richard Garcia*
*100 Church Street*
*New York, New York 10007*

*Of Counsel: Meghan A. Cavalieri*
*Tel: (212) 788-6405*

*Due and timely service is hereby admitted.*

*New York, N.Y.* ............................................, *2007*

.......................................................................... *Esq.*

*Attorney for*..........................................................