Thomas A. Catalano (tc-1625)
Lester Schwab Katz & Dwyer
120 Broadway
York, New York 10271-0071
(212) 964-6611
Attorneys for Defendant Macy's Inc.
(f/k/a Federated Department Stores, Inc.)

954353

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------x
RAY MILLAR,

|  |  |
|---|---|
| Plaintiff, | ANSWER |
| -against- | 1:07-cv-08229-RPP |
| THE CITY OF NEW YORK, SGT. RICHARD GARCIA, Shield No. 2522, P.O.s "JOHN" and "JANE DOE" #1-10, Individually and in their Official Capacities, (the names "John" and "Jane Doe" being fictitious, as the true names are presently unknown), and FEDERATED DEPARTMENT STORES, INC., | Filed by ECF on January 11, 2008  JURY TRIAL DEMANDED |
| Defendants. | |

-----------------------------------------------------------------x

Defendant Macy's Inc. (f/k/a Federated Department Stores, Inc.) ("Macy's"), by its attorneys Lester Schwab Katz & Dwyer, LLP, for its answer to the complaint, aver as follows.

### ANSWERING THE PREAMBLE

1. Macy's admits so much of paragraphs 1 through 3 of the complaint that the complaint purports to allege the claims stated, but otherwise denies any substantive averments in said paragraphs.

2. Macy's admits paragraphs 4 and 5 of the complaint.

3. Macy's is without knowledge sufficient to form a belief as to the allegations set forth in paragraph 6 of the complaint.

4. Macy's denies paragraph 7 of the complaint.

5. Macy's denies paragraph 8 of the complaint, except admits that Macy's Retail Holdings, Inc. is its wholly-owned subsidiary.

6. Macy's denies paragraphs 9 through 11 of the complaint.

7. Macy's is without knowledge sufficient to form a belief as to the allegations set forth in paragraphs 12 through 17 of the complaint.

8. Macy's admits so much of paragraph 18 of the complaint that, upon information and belief, plaintiff lawfully entered the Macy's department store at 34th Street, New York, New York, on or about the date and time alleged, but avers that plaintiff ceased acting lawfully when he failed to identify himself and cooperate with New York City police officers who questioned him in connection with their investigation of a crime; attempted to flee from the police officers; and forcibly and violently resisted arrest by the police officers.

9. Macy's denies paragraph 19 of the complaint, except admits that New York City police officers arrested and detained plaintiff when he failed to identify himself and cooperate with them in connection with their investigation of a crime and that plaintiff attempted to flee from the police officers, and that he forcibly and violently resisted arrest.

10. Macy's denies paragraph 20 of the complaint, although admits, upon and belief, that when plaintiff forcibly and violently resisted arrest the police officers used pepper spray in order to subdue plaintiff.

11. Macy's denies paragraphs 21 through 23 of the complaint as they pertain to it, but denies any knowledge sufficient to form a belief as to the allegations contained in those paragraphs as pertain to any other defendant.

12. Macy's denies paragraph 24 of the complaint, except admit that, upon information and belief, New York City police officers detained plaintiff for questioning within the Macy's department store.

13. Macy's denies paragraph 25 of the complaint.

## ANSWERING THE FIRST CLAIM

14. Macy's adopts by reference its answers to the allegations adopted by reference in paragraph 26 of the complaint.

15. Macy's denies paragraphs 27 through 31 of the complaint.

## ANSWERING THE SECOND CLAIM

16. Macy's adopts by reference its answers to the allegations adopted by reference in paragraph 32 of the complaint.

17. Macy's denies paragraphs 33 and 34 of the complaint.

## ANSWERING THE THIRD CLAIM

18. Macy's adopts by reference its answers to the allegations adopted by reference in paragraph 35 of the complaint.

19. Macy's denies paragraphs 36 and 37 of the complaint.

## ANSWERING THE FOURTH CLAIM

20. The fourth claim pertains exclusively to the Municipal Defendants, and Macy's neither admits nor denies paragraphs 38 through 49 of the complaint.

## ANSWERING THE FIFTH CLAIM

21. Macy's adopts by reference its answers to the allegations adopted by reference in paragraph 50 of the complaint.

22. Macy's denies paragraphs 51 through 53 of the complaint.

## ANSWERING THE SIXTH CLAIM

23. Macy's adopts by reference its answers to the allegations adopted by reference in paragraph 54 of the complaint.

24. Macy's denies paragraphs 55 through 58 of the complaint.

## ANSWERING THE SEVENTH CLAIM

25. Macy's adopts by reference its answers to the allegations adopted by reference in paragraph 59 of the complaint.

26. Macy's denies paragraphs 60 through 64 of the complaint.

## ANSWERING THE FIRST PENDANT LAW CLAIM

27. Macy's adopts by reference its answers to the allegations adopted by reference in paragraph 65 of the complaint.

28. Macy's denies paragraphs 66 through 70 of the complaint.

## ANSWERING THE SECOND PENDANT LAW CLAIM

29. Macy's adopts by reference its answers to the allegations adopted by reference in paragraph 71 of the complaint.

30. Macy's denies paragraphs 72 through 75 of the complaint.

### ANSWERING THE THIRD PENDANT LAW CLAIM

31. Macy's adopts by reference its answers to the allegations adopted by reference in paragraph 76 of the complaint.

32. Macy's denies paragraphs 77 and 78 of the complaint.

### ANSWERING THE FOURTH PENDANT LAW CLAIM

33. Macy's adopts by reference its answers to the allegations adopted by reference in paragraph 79 of the complaint.

34. Macy's denies paragraphs 80 through 82 of the complaint.

### ANSWERING THE FIFTH PENDANT LAW CLAIM

35. Macy's adopts by reference its answers to the allegations adopted by reference in paragraph 83 of the complaint.

36. Macy's denies paragraphs 84 through 88 of the complaint.

### ANSWERING THE SIXTH PENDANT LAW CLAIM

37. Macy's adopts by reference its answers to the allegations adopted by reference in paragraph 89 of the complaint.

38. Macy's denies paragraphs 90 through 94 of the complaint.

### ANSWERING THE SEVENTH PENDANT LAW CLAIM

39. Macy's adopts by reference its answers to the allegations adopted by reference in paragraph 95 of the complaint.

40. Macy's denies paragraphs 96 through 99 of the complaint.

### ANSWERING THE EIGHTH PENDANT LAW CLAIM

41. Macy's adopts by reference its answers to the allegations adopted by reference in paragraph 100 of the complaint.

42. Macy's denies paragraphs 101 through 103 of the complaint.

### ANSWERING THE NINTH PENDANT LAW CLAIM

43. Macy's adopts by reference its answers to the allegations adopted by reference in paragraph 104 of the complaint.

44. Macy's denies paragraphs 105 through 107 of the complaint.

### FIRST AFFIRMATIVE DEFENSE

45. Plaintiff's injuries, if any, were caused, wholly or in part, by his own culpable conduct.

### SECOND AFFIRMATIVE DEFENSE

46. Upon information and belief, New York City police officers, relying upon information obtained from a suspect, approached plaintiff in a public area for the purpose of questioning him.

47. Upon information and belief, the officers' approach of defendant was lawful as they had a reasonable suspicion that defendant may have committed a crime.

48. Upon information and belief, plaintiff, upon being approached by the officers, unreasonably and unlawfully failed to identify himself and fled from the officers, providing further reasonable suspicion for the officers to stop and detain him.

49. Upon information and belief, the officers stopped and detained plaintiff.

50. Upon information and belief, plaintiff unlawfully, forcibly and violently resisted arrest.

51. In the event that any Macy's employee participated in any capacity in plaintiff's arrest and detention, which is explicitly denied, he would have done so solely to assist the police officers who were in the process of lawfully arresting and subduing plaintiff, who was forcibly and violently resisting arrest.

52. The plaintiff was detained for questioning within Macy's premises solely by the police officers, and not at the request or behest of Macy's.

53. Since any action on the part of Macy's employees, if any, would have been to assist the police officers, Macy's is entitled to assert qualified immunity as a defense.

54. Macy's conduct did not violate clearly established statutory or constitutional rights of which a reasonable person would have known.

55. Based upon the foregoing, Macy's is entitled to qualified immunity from the claims asserted in this action.

### THIRD AFFIRMATIVE DEFENSE

56. At all relevant times Macy's and its employees acted in complete good faith, and without any intent to deprive plaintiff of his constitutional rights.

### FOURTH AFFIRMATIVE DEFENSE

57. Plaintiff unreasonably and unlawfully failed to identify to police officers, and fled from the officers.

58. Plaintiff forcibly and violently resisted arrest.

59. Plaintiff's claims are barred by the doctrines of illegality, waiver, estoppel, and unclean hands.

## FIFTH AFFIRMATIVE DEFENSE

60.     The liability of Macy's, if any, to the plaintiff for non-economic loss is limited to its equitable share, determined in accordance with the relative culpability of all persons or entities contributing to the total liability for non-economic loss, including named parties and others over whom plaintiff could have obtained personal jurisdiction with due diligence, including but not limited to: Sharneearay Goddard, (currently incarcerated at Bayview Correctional Facility, 550 West 20th Street, New York, New York 10011-2678), the person who falsely identified plaintiff as a criminal and/or her accomplice which led to his being approached by the police officers, and who has, at all relevant times, been incarcerated or otherwise readily amenable to service of process.

## SIXTH AFFIRMATIVE DEFENSE

61.     In the event the plaintiff recovers a verdict or judgment against Macy's, then said verdict or judgment must been entered in accordance with CPLR 50-B.

## SEVENTH AFFIRMATIVE DEFENSE

62.     In the event plaintiff recovers a verdict or judgment against Macy's, then said verdict or judgment must be reduced pursuant to CPLR 4545(c) by those amounts which have been, or will, with reasonable certainty, replace or indemnify plaintiff, in whole or in part, for any past or future claimed economic loss, from any collateral source such as insurance, social security, workers' compensation or employee benefit programs.

## CROSS-CLAIM AGAINST THE MUNICIPAL DEFENDANTS

63.     Plaintiff was arrested and detained solely by New York City police officers.

64.     In the event plaintiff sustained the injuries and damages complained of, such injuries and damages were caused in whole or in part, by reason of the acts or omissions of the Municipal Defendants without any wrongdoing on the part of defendant Macy's contributing thereto.

65.     By reason of the foregoing, in the event that any judgment or verdict is recovered against defendant Macy's, defendant Macy's is entitled to indemnification from and to judgment over and against the Municipal Defendants, or alternatively, for contribution from the Municipal Defendants, equal to their proportionate share of responsibility as is adjudged between all the defendants herein.

WHEREFORE, Macy's demands judgment dismissing the complaint; for judgment over and against the Municipal Defendants on the cross-claim; and for the costs and disbursements of this action.

Dated:     New York, New York
           January 11, 2008

                                        LESTER SCHWAB KATZ & DWYER, LLP


                                        s/_____
                                        Thomas A. Catalano (tc-1625)
                                        Attorneys for Defendant
                                        Macy's Inc.
                                        (f/k/a Federated Department Stores, Inc.)
                                        120 Broadway
                                        New York, New York  10271
                                        (212)  964-6611

TO:

Rose M. Weber, Esq.
Rose M. Weber Law Office
225 Broadway
Suite 1608
New York, New York 10007
Attorneys for Plaintiff

Meghan A. Cavalieri, Esq.
New York City Law Department
100 Church Street
New York, New York 10007
Attorneys for the Municipal Defendants